**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

MARGARET BROOKS,

    Plaintiff,

v.                                                                                             Case No. 18-12627

FIRST NATIONAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO QUASH AND
GRANTING DEFENDANT'S MOTION TO COMPEL MEDICAL EXAMINATIONS**

This is a discovery dispute regarding Independent Medical Examinations (IMEs) in a Michigan no-fault insurance case. Pending before the court are Plaintiff's Motion to Quash Notice of IMEs (ECF No. 17) and Defendant's Motion to Compel Medical Examinations and Adjourn Scheduling Order (ECF No. 18). A response has been filed to each. (ECF Nos. 20, 21.) For the reasons stated below, the court will deny the former and grant the latter.

**I. BACKGROUND**

Plaintiff Margaret Brooks was injured in a motor vehicle accident on February 13, 2017. She brought an action in state court against her insurance carrier, Defendant First National Insurance Company of America, for first-party benefits and uninsured motorist benefits under Michigan's No-Fault Automobile Insurance Act. Plaintiff claims that Defendant has failed to pay work loss benefits owed to her and medical bills related to her injuries. Defendant removed the case to this court based upon diversity jurisdiction.

The complaint states that prior to the motor vehicle accident Plaintiff worked as a registered nurse providing home health services, but since the accident she has been continually disabled from working by her treating physicians (although she admits to continuing to work with one patient until February 2018). (ECF No. 1-1, PageID.9–11.) Plaintiff underwent an IME related to her neck and back injuries in September 2017, and on May 2, 2018 Plaintiff submitted to an IME with neuropsychologist Dr. Walter Sobota. (ECF No. 17, PageID. 378–79.) At issue in the present motions are two additional IMEs Defendant recently scheduled for Plaintiff. Defendant notified Plaintiff of IMEs to be conducted by Dr. Christian Schutte, Dr. Jay Kaner, and Dr. Ronald Taylor. Plaintiff is willing to submit to an IME with Dr. Taylor, who is a pain medicine doctor, but moves to quash the notice of IMEs with Dr. Schutte, a neuropsychologist, and Dr. Kaner, a neurologist, insofar as they relate to her brain injury. (*Id.*, PageID.382; ECF No. 19-2, PageID.509.) Defendant moves to compel them.

## II. DISCUSSION

Plaintiff argues that the notices issued for IMEs with Drs. Schutte and Kaner should be quashed because they were deficient under Federal Rule of Civil Procedure 35 in that they did not describe the scope of the examinations. Rule 35 allows the court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). This order "may be made only on motion for good cause" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(2).

Defendant argues that Plaintiff is required to submit to the IMEs under the Michigan No-Fault Automobile Insurance Act and her insurance policy. Section 3151 of the No-Fault Act states that "[w]hen the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians." Mich. Comp. Laws § 500.3151. Furthermore, it provides that "[a] personal protection insurer may include reasonable provisions in a personal protection insurance policy for mental and physical examination of persons claiming personal protection insurance benefits." *Id.* Plaintiff's insurance policy, in turn, requires her to "[s]ubmit to examination, at [Defendant's] expense, by physicians of [Defendant's] choice, as often as [Defendant] reasonably require[s]." (ECF No. 18-4, PageID.484.)

The question for the court, then, is what standard governs the conduction of IMEs in a Michigan no-fault insurance case in federal court? Defendant argues that under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), Michigan's No-Fault Act applies because the issue involves the parties' rights and is substantive. (ECF No. 18, PageID.456.) Plaintiff asserts that Defendant's notices of IMEs must comply with Federal Rule 35 but does not particularly brief the *Erie* issue. (ECF No. 17, PageID.381.)

Courts in this district facing the question have come to different conclusions. In *Watson v. State Farm Mutual Automobile Insurance Co.*, Judge Feikens held that the discovery provisions of the No-Fault Act apply in a diversity case because they are "substantive law, supreme over state and federal court rules." No. 09-12573, 2010 WL 2287148, at *6 (E.D. Mich. June 4, 2010) (citing *McDougall v. Schanz*, 597 N.W.2d 148,

155–56 (Mich. 1999)). He relied on the Michigan Supreme Court's reasoning in *Muci v. State Farm Mutual Automobile Insurance Co.*, 732 N.W.2d 88 (Mich. 2007) (Taylor, C.J.), which held that the No-Fault Act's provisions regarding medical examinations are substantive under Michigan's *McDougall* standard and thus apply over the Michigan court rule that governs medical examinations in civil cases generally. *Id.* at 96.

Subsequently, another judge in this district held the opposite of Judge Feikens—that Rule 35 governs medical examinations in no-fault cases. *Durmishi v. Nat. Ca. Co.*, 720 F. Supp. 2d 862, 876 (E.D. Mich. June 30, 2010) (Lawson, J.). That opinion questioned the Michigan Supreme Court's reasoning in *Muci* and found that the discovery provisions in the No-Fault Act are procedural under the *Erie* doctrine because they "do no more than regulate access to proof." *Id.* at 874–77. Magistrate Judge Komives later followed *Durmishi*, finding it more persuasive than *Watson*. *Wagner v. State Farm Mut. Auto. Ins. Co.*, No. 10-11733, 2010 WL 11552915, at *8 (E.D. Mich. Oct. 14, 2010).

Under Michigan law, Plaintiff has both a statutory and contractual duty to submit to IMEs requested by Defendant. *See Roberts v. Farmers Ins. Exch.*, 737 N.W.2d 332, 339 (Mich. Ct. App. 2007). Likewise, Defendant has "a statutory right to require that [Plaintiff] undergo physical and psychological IMEs" insofar as Plaintiff's "mental and physical conditions [a]re material to her claims for benefits." *Id.* The court does not think Rule 35, which governs court-ordered medical examinations in civil cases generally, alters the parties' substantive rights and duties under Michigan law in a diversity case. Thus, the court agrees with Judge Feikens and holds that the discovery provisions of

4

the No-Fault Act govern the conduction of IMEs in a Michigan insurance case in federal court.

Next, Plaintiff argues that even under the No-Fault Act it is unreasonable for Defendant to request medical examinations related to her brain injury since she already submitted to Dr. Sobota's neuropsychological examination in May 2018. Alternatively, she requests that if another such examination must be conducted then it be done by Dr. Sobota, who is familiar with her condition. Plaintiff cites three cases from other districts for the proposition that it would be more appropriate for Dr. Sobota to examine her again rather than have a new doctor conduct an IME. (ECF No. 17, PageID.386.) All interpret Federal Rule 35 and are inapposite to the present case where the parties' contract of insurance explicitly states that Defendant can choose the physician to conduct the IME and is not limited to only one IME.

While the court "may enter an order refusing discovery or specifying conditions of discovery," it may do so only upon a showing of good cause "in order to protect against annoyance, embarrassment or oppression." Mich. Comp. Laws § 500.3159. Michigan presumes that "[p]hysicians are . . . bound by the methodologies of their profession and by principles of professional integrity." *Muci*, 732 N.W.2d at 96. Plaintiff has failed to provide any "demonstrable evidence" to rebut this presumption. *See id.* While Plaintiff may prefer that Dr. Sobota conduct her IME and would rather not undergo "a new round of 5 to 7 hour testing by a new neuropsychologist," (ECF No. 21, PageID.545), she fails to persuade the court that submitting to IMEs with Drs. Schutte and Kaner will cause her annoyance, embarrassment, or oppression. Plaintiff does not suggest that any facts in this case are similar to those in *Muci*, which she cites, where "one of [the insurer's]

5

physicians had previously delved into matters protected by the attorney-client privilege by asking an examinee about the status of settlement negotiations in her lawsuit." *Muci*, 732 N.W.2d at 96. The court will not enter an order conditioning the requested IMEs at this time.

Finally, the parties agree to a 60-day adjournment of the discovery deadline in this case, which was March 15, 2019. The court will permit this extension and also adjust the dispositive motion deadline accordingly. Other scheduling order dates will be adjusted as needed based upon the progress of the case.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's Motion to Quash Notice of Independent Medical Examinations (ECF No. 17) is **DENIED.**

IT IS FURTHER ORDERED that Defendant's Motion to Compel Medical Examinations and Adjourn Scheduling Order (ECF No. 18) **is GRANTED**. The discovery deadline is extended **to June 17, 2019**, and the deadline for dispositive motions is extended to **July 29, 2019.**

                                             s/Robert H. Cleland               /
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated: April 17, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 17, 2019, by electronic and/or ordinary mail.

                                             s/Lisa Wagner                   /
                                             Case Manager and Deputy Clerk
                                             (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-12627.BROOKS.DenyMotiontoQuashGrantMotiontoCompelIMEs.docx